Craig A. Crispin, OSB No. 824852
crispin@employmentlaw-nw.com
Shelley D. Russell, OSB No. 940687
shelley@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CRISPIN EMPLOYMENT LAWYERS**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:  503-293-5770
Fax:  503-293-5766
      Of Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **JULIE E. BENDER,** an individual, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **ZOOM CARE PC**, a domestic professional corporation, and **DAVID G. SANDERS M.D.,** and **ALBERT DIPIERO M.D.**, individuals, | Unpaid Overtime Compensation; Retaliation – 29 U.S.C. § 215(a)(3); Retaliation – ORS 659A.230, ORS 659A.199, ORS 659A.040; Wrongful Discharge; Unpaid Employment Compensation, Wage Penalties |
| Defendants. | JURY TRIAL DEMAND |

### NATURE OF THE ACTION

1.    This is an action for recovery of unpaid overtime compensation and declaratory,

injunctive and monetary relief, including attorneys fees and costs, for unlawful employment

practices under 29 U.S.C. § 215.

Page 1 – **COMPLAINT**

2.      This is also an action for declaratory, injunctive and monetary relief, including

attorneys fees and costs, for unlawful employment practices under ORS Chapter 659A and ORS

Chapter 652, for breach of contract/promissory estoppel, and to vindicate plaintiff's right to

work in environments free from unlawful discrimination and retaliation all pursuant to the

court's supplemental jurisdiction.

JURISDICTION AND VENUE

3.       This court has jurisdiction over the subject matter of this complaint pursuant to

28 U.S.C. § 1331.

4.      The court has jurisdiction over plaintiff's state law claims set forth in this

complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28

U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus

of operative fact, the state action is so related to the federal claim that they form part of the same

case or controversy, and the actions would ordinarily be expected to be tried in one judicial

proceeding.

5.      The employment practices described herein are alleged to have been committed in

the District of Oregon.

PARTIES

6.      Plaintiff **JULIE E. BENDER** is an individual who was at all material times

employed by defendant **ZOOM CARE P.C.** commencing on about September 14, 2015.

7.      Defendant **ZOOM CARE P.C.** ("Zoom Care") is a domestic professional

corporation with its principal place of business in Portland, Multnomah County, Oregon. At all

relevant times, **ZOOM CARE P.C.** was an employer within the meaning of the statutory claims alleged herein.

8.      Defendant **DAVID G. SANDERS M.D.** is President of defendant **ZOOM CARE P.C.** At all relevant times Sanders exerted control over defendant Zoom Care's hiring and firing, supervision, and setting of wages and compensation.

9.      Sanders acted within the scope of his employment authority and his actions aided and abetted **ZOOM CARE P.C.** in the violation of Bender's employment rights as alleged herein. Sanders has a significant ownership interest in defendant corporation and exercises control over significant aspects of its day-to-day business and financial operations of defendant corporation. Sanders acted to help, assist, or facilitate the commission of the unlawful employment practices alleged herein, promoted the accomplishment thereof, helped in advancing or bringing them about or in encouraging, counseling or inciting as to their commission and is therefore individually liable to plaintiff's state statutory claims for relief as an aider and abettor pursuant to ORS 659A.030(1)(g).

10.      Defendant **ALBERT DIPIERO M.D.**, is an officer of defendant **ZOOM CARE P.C.** At all relevant times DiPiero exerted control over defendant Zoom Care's hiring and firing, supervision, and setting of wages and compensation.

11.      Dipiero acted within the scope of his employment authority and his actions aided and abetted **ZOOM CARE P.C.** in the violation of Bender's employment rights as alleged herein. Dipiero has a significant ownership interest in defendant corporation and exercises control over significant aspects of its day-to-day business and financial operations of defendant

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770S

corporation. Dipiero acted to help, assist, or facilitate the commission of the unlawful

employment practices alleged herein, promoted the accomplishment thereof, helped in advancing

or bringing them about or in encouraging, counseling or inciting as to their commission and is

therefore individually liable to plaintiff's state statutory claims for relief as an aider and abettor

pursuant to ORS 659A.030(1)(g).

### GENERAL ALLEGATIONS

12.    Bender worked for Zoom Care as an Ultrasound Technologist from September 14,

2015 to October 12, 2016, at which time she was taken off the schedule and thereafter assigned

no additional work and was thereby terminated.

13.    Throughout Bender's employment, Zoom Care consistently claimed she was an

independent contractor despite that the facts readily demonstrated she was an employee. Bender

protested that misclassification and explained that she did not meet the criteria for independent

contract classification.

14.    Throughout Bender's employment with Zoom Care, defendants failed to withhold

employee taxes and failed to make FICA contributions on Bender's behalf.

15.    On April 18, 2016, Bender advised defendants that due to the last injurious

exposure rule under workers' compensation law she was required to assert her occupational

disease claim as against Zoom Care. Defendants refused to file a Form 801, Workers'

Compensation Report of Injury, on Bender's behalf, claiming that she was not covered by

workers' compensation because she was an independent contractor.

16.    Bender again protested that misclassification, but defendants nonetheless refused

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770S

to process her report of injury and claim form.

17.    Due to Zoom Care's failure to treat her as an employee, on July 18, 2016 Bender

submitted a Form SS-8, Determination of Worker Status, with the Internal Revenue Service.

18.    Plaintiff's filing of a Form SS-8 caused the Internal Revenue Service to initiate an

investigation of defendants' classification of Bender, and on October 24, 2016, the IRS issued a

determination letter finding Bender properly classified as an employee rather than independent

contractor.

19.    Bender also filed complaints with the Oregon Employment Department and

Oregon Bureau of Labor, Wage & Hour Division. Both alleged violations of law, regulation, or

rule by Zoom Care.

20.    At times during her employment with Zoom Care, Bender complained about her

misclassification as an independent contractor rather than as an employee when Zoom Care

sought to have her work more than 40 hours per work week without paying her overtime.

21.    As a result of Ms. Bender's expressed opposition to Zoom Care's violations of

law, her protests over her misclassification, and her workers' compensation claim, Zoom Care

took her off the schedule and thereby terminated her employment.

22.    After her termination, Ms. Bender learned that Zoom Care had openings to fill

that she was fully qualified for. She applied for such positions and was willing and available to

work the hours of the positions. Bender also made formal application for multiple open positions

posted by Zoom Care, including on December 8, 2016. Despite her qualifications, defendants

failed and refused to hire her, or even consider her for employment, in retaliation for her

Page 5 – **COMPLAINT**

complaints of discrimination and retaliation, and whistleblowing.

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Unpaid Overtime Compensation, Liquidated Damages – 29 U.S.C. §§ 207, 216(b))

23.    Plaintiff incorporates the allegations contained in paragraphs 1 through 14 and 20 as though fully set forth herein.

24.    Plaintiff was entitled to the payment of overtime compensation for time worked in excess of 40 hours per work week.

25.    At various times throughout her employment with defendants, plaintiff worked in excess of 40 hours per week, but despite plaintiff's entitlement to overtime compensation for all such time defendant failed and refused to pay the overtime compensation due to plaintiff.

26.    Defendants knew or reasonably should have known that plaintiff was entitled to payment of overtime compensation, but defendants willfully refused to pay such overtime compensation.

27.    Plaintiff is entitled to recover from defendant unpaid overtime compensation for all overtime hours worked during her employment with Zoom Care Inc.

28.    Defendant's failure and refusal to pay overtime compensation to plaintiff was done without subjective good faith and/or without reasonable grounds to believe defendant was in compliance with the FLSA, and plaintiff is entitled to recover from defendant liquidated damages equal to the amount of compensation recovered hereunder pursuant to 29 U.S.C. § 216(b).

29.    Plaintiff is entitled to recover her costs, disbursements and reasonable attorneys

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770S

fees pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Unpaid Overtime, Penalty – ORS 653.055)

30.    Plaintiff incorporates the allegations contained in paragraphs 1 through 14, 24, 25, and 27 as though fully set forth herein.

31.    Plaintiff is entitled to recover her unpaid overtime wages pursuant to ORS 653.261 and Administrative Rules promulgated thereunder.

32.    Because of defendant's failure to pay overtime wages to plaintiff when due, plaintiff is entitled to recover a civil penalty in the amount of 30 times her daily wage rate pursuant to ORS 653.055(1)(b).

33.    Plaintiff is entitled to recover her costs, disbursements and reasonable attorney fees pursuant to ORS 653.055.

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Retaliation – 29 U.S.C. § 215(a)(3))

34.    Bender incorporates paragraphs 1 through 14, 17, 18, 20 through 22, and 29 as though fully set forth herein.

35.    It is a violation of federal law "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding."

36.    Willful violation of the statute alleged herein subjects the offending employer, including employer individuals, to the risk of fine or imprisonment.

Page 7 – **COMPLAINT**

37.     Plaintiff's submission of a Form SS-8 constituted the filing of a proceeding under Chapter 8 of Title 29 of the United States Code.

38.     Defendants terminated plaintiff's employment in substantial motivating part due to her filing of a proceeding under chapter 8 of Title 29 of the United States Code.

39.     Defendants were also substantially motivated to terminate plaintiff's employment because she complained of defendants' failure and refusal to pay her overtime compensation for hours worked in excess of 40 per work week in violation of 29 U.S.C. § 207 and ORS 653.055.

40.     As a result of the unlawful actions alleged herein, plaintiff has suffered economic damages. Plaintiff is entitled to recover her lost wages and benefits of employment and other economic losses in such amount as may be established at trial.

41.     Reinstatement by defendant to plaintiff's former position is not feasible, and plaintiff should be awarded an appropriate amount in lost future wages and lost earning capacity.

42.     Pursuant to 29 U.S.C. § 216, plaintiff is entitled to recover liquidated damages in an amount equal to her lost wages.

43.     As a further result of defendants' actions alleged herein, plaintiff has suffered non-economic damages, including emotional and mental harm, for which she should be compensated in an amount found to be appropriate by a jury based on the evidence presented at trial.

44.     Plaintiff is entitled to a declaration that defendant acted in violation of the statute set forth in this claim for relief and injunctive relief enjoining defendant from future violations of the statutes set forth herein, on such terms as the court may direct.

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770S

FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(ORS 659A.230 – Whistleblowing Retaliation)

45.     Plaintiff incorporates paragraphs 1 through 22 and 35 through 44 as though fully set forth herein.

46.     ORS 659A.230 provides "It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported criminal activity by any person, has in good faith caused a complainant's information or complaint to be filed against any person, has in good faith cooperated with any law enforcement agency conducting a criminal investigation, has in good faith brought a civil proceeding against an employer or has testified in good faith at a civil proceeding or criminal trial."

47.     Plaintiff's complaints of defendants' actions as alleged herein constituted a report of criminal activity, the institution of a civil proceeding against defendants, and/or testimony within a civil proceeding.

48.     Defendants terminated plaintiff's employment in substantial motivating part due to plaintiff's complaints and/or actions alleged herein in violation of the statutory provision alleged in this claim for relief.

49.     Defendants acted intentionally with an improper and abusive motive and with malice. The acts as described herein were in reckless disregard of defendant's societal obligations, and committed with conscious indifference to the health, safety, and welfare of

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770S

plaintiff. Defendants should be assessed punitive damages in an amount found appropriate by a jury to punish defendant and to deter defendant and others from similar conduct in the future.

50.     Plaintiff is entitled to an award of her reasonable attorneys fees and costs incurred in connection with this matter pursuant to ORS 659A.885.

### FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(ORS 659A.199 – Whistleblowing Retaliation)

51.     Bender incorporates paragraphs 1 through 22, 35 through 44, and 48 through 50 as though fully set forth herein.

52.     ORS 659A.199 provides that "It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation."

53.     Plaintiff's complaints of defendants' actions as alleged herein constituted her good faith report of information plaintiff reasonably believed to be evidence of a state or federal law, rule, or regulation and/or the institution of a civil proceeding and/or testimony against defendants in a civil proceeding.

### SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(ORS 659A.040 – Workers' Compensation Discrimination)

54.     Bender incorporates paragraphs 1 through 16, 21, 22, 40 through 44, 49, and 50 as though fully set forth herein.

55.     ORS 659A.040 provides that it is an unlawful employment practice for an

Page 10 – **COMPLAINT**

employer to discriminate against a worker * * * because the worker has applied for benefits or invoked or utilized the procedures provided for in ORS chapter 656."

56.    Bender made use of the Oregon Workers' Compensation System by asserting a last injurious exposure claim against Zoom Care.

57.    Plaintiff's use the Oregon Workers' Compensation System was a substantial motivating factor in defendants' termination of her employment and refusal to consider her applications for employment to open and available positions.

### SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT ZOOM CARE INC.
(Wrongful discharge)

58.    Bender incorporates paragraphs 1 through 14, 17 through 22, 35 through 44, 46 through 49, 52, and 53 as though fully set forth herein.

59.    Defendant Zoom Care's termination of plaintiff's employment in retaliation for raising violations of law and asserting claims against an employer violated the public policy of the state of Oregon as expressed in ORS 659A.199 and ORS 659A.230, and rights related to Ms. Bender's role as an employee. As such, and pursuant to the express reservation of any available common law remedy of ORS 659A.199(2), she is entitled to pursue the common law claim of wrongful discharge.

### EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
(Failure to Pay Employee Benefits)

60.    Bender incorporates paragraphs 1 through 14 as though fully set forth herein.

61.    On information and belief, plaintiff alleges that defendant Zoom Care Inc. provided its employees benefits of employment.

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770S

62.     Defendants denied such benefits of employment to plaintiff despite her status as an employee.

63.     Plaintiff is entitled to recover from defendants the reasonable value of such employee benefits for the period of her employment as well as part of her economic damages alleged herein.

**NINTH CLAIM FOR RELIEF AGAINST DEFENDANT ZOOM CARE**
(ORS 652.140 & Wage Penalties under ORS 652.150)

64.     Bender incorporates paragraphs 1 through 14 and 61 through 63 as though fully set forth herein.

65.     Because Zoom Care failed to pay employment taxes on behalf of Bender, it has failed to fully compensate her for her services and is subject to penalties for untimely payment of all compensation upon termination.

66.     During the course of plaintiff's employment with defendants, defendants failed and refused to pay required payroll taxes on the amounts it paid plaintiff. Upon defendants' termination of plaintiff's employment, defendants failed and refused to pay to plaintiff the amounts it was obligated to pay on behalf of plaintiff's employment, including amounts plaintiff was required to pay as self-employment taxes due to defendants' misclassification of plaintiff as an independent contractor rather than as an employee.

67.     Throughout plaintiff's employment with Zoom Care, defendants failed and refused to provide plaintiff with meal breaks as required by Oregon law, and plaintiff is entitled to recover compensation for all unpaid meal breaks.

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770S

68.     Pursuant to ORS 652.140, defendants were required to make payment of all compensation due to plaintiff timely upon her termination, but defendants failed and refused to do so.

69.     Defendants' refusal to make payment of all compensation due plaintiff timely upon termination continued despite written demand and for a period in excess of 30 days thereafter.

70.     Plaintiff is entitled to recover from defendants in an amount equal to the amounts described herein and penalty wages equal to 30 days times eight hours at Bender's hourly rate of pay.

71.     Plaintiff is entitled to an award of her reasonable attorneys fees and costs incurred in connection with this matter pursuant to ORS 652.200.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to:

1.     Declare defendants in violation of the relevant statute set forth in each claim, if applicable;

2.     Grant a permanent injunction enjoining defendants and defendant Zoom Care's owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with defendant Zoom Care, from engaging in any employment practice in violation of the statutes alleged herein on such terms as the court may direct;

3.     Order defendants to make plaintiff whole by compensating her for past and future

CRISPIN EMPLOYMENT LAWYERS
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221-1455
Telephone: 503-293-5770S

pecuniary losses, including expenses, lost past and future earnings and benefits of employment, and such other losses as are proved at trial on each of plaintiff's claims for relief;

4.  Order defendant to pay plaintiff an award of compensatory damages for personal, noneconomic damages, including physical and emotional pain and suffering;

5.  Order defendant to pay plaintiff liquidated damages equal to her lost wages

6.  Assess against defendants punitive damages in an amount sufficient to punish defendants and deter defendants and others from similar conduct in the future;

7.  Award plaintiff her costs of suit and her reasonable attorney fees, costs and expert witness fees pursuant to 29 U.S.C. § 216, ORS 659A.885; and/or ORS 652.200.

7.  Order defendants to pay pre-judgment and post-judgment interest, as appropriate, on all amounts due to plaintiff as a result of this action; and

8.  Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

CRISPIN EMPLOYMENT LAWYERS

By: _____
Craig A. Crispin, OSB No. 824852
crispin@employmentlaw-nw.com
Shelley D. Russell, OSB No. 940687
shelley@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
Of Attorneys for Plaintiff